**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

Medsense, LLC,                                          *

    **Plaintiff,**                                  *

v.                                                      *          **Case No.: 8:20-cv-892-PWG**

University System of Maryland,                          *
University of Maryland, College Park,
                                                        *
    **Defendants.**
                                                        *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Medsense, LLC's motion for recusal, ECF No. 17. Medsense filed this action against the University System of Maryland and the University of Maryland, College Park for alleged unauthorized disclosures and misappropriation of licensed materials and trade secrets related to fiber optic technology. Compl., ECF No. 3. Based on my affiliations as an adjunct professor with the University of Maryland Francis King Carey School of Law and the University of Baltimore School of Law, which are part of the University System of Maryland, Medsense moves for my recusal from this case. For the reasons discussed below, Medsense's motion is denied.[1]

**Background**

Medsense filed the complaint in this action in the Circuit Court for Prince George's County, Maryland. ECF No. 3. It was removed to this Court. ECF No. 1. Medsense alleges eight causes of action for breach of contract, misrepresentation, fraud, misappropriation of trade

---

[1] The motion is fully briefed. *See* Pl.'s Mtn., ECF No. 17, Def.s' Response, ECF No. 19. Medsense had the opportunity to file a reply brief but did not do so. *See* ECF No. 18. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018).

secrets, and unjust enrichment.  ECF No. 3.  In a nutshell, Medsense alleges that it had a

licensing agreement with Defendants related to fiber optic technology and that defendants

breached that agreement.  As the basis for its motion for recusal, Medsense traces a line between

the University of Maryland School of Law and the University of Baltimore School of Law and

Defendants in this case.  The factual basis for its position can be summarized as follows:

- The undersigned is an adjunct professor at the University of Maryland School of Law and the University of Baltimore School of Law.[2]

- The University of Maryland School of Law is a school within the University of Maryland, Baltimore.

- The University of Maryland, Baltimore is a strategic partner with Defendant University of Maryland, College Park.

- The University of Baltimore School of Law is a school within the University of Baltimore.

- The University of Maryland, Baltimore and the University of Baltimore are constituent institutions of Defendant University System of Maryland.

- The Board of Regents of Defendant University System of Maryland is ultimately responsible for managing the affairs of its constituent institutions, including Defendant University of Maryland, College Park, the University of Maryland, Baltimore (of which the University of Maryland School of Law is a part) and the University of Baltimore (of which the University of Baltimore School of Law is a part).

*See* ECF No. 17 at 2–3.  Based on this, Medsense argues that my recusal is required under 28

U.S.C. § 455 and the Due Process Clause of the U.S. Constitution.

## Discussion

When a federal judge's "impartiality might reasonably be questioned" under 28 U.S.C. §

455(a), the judge shall recuse himself.  Under 28 U.S.C. § 455(b), the judge shall also recuse

himself if "has a personal bias or prejudice concerning a party, or personal knowledge of

---

[2] I am currently scheduled to teach a course on advanced evidence at the University of Maryland School of Law this fall.  I am not currently scheduled to teach any courses at the University of Baltimore School of Law.

disputed evidentiary facts concerning the proceeding," "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;" or has some other interest in the litigation, such as previously serving as a lawyer in the matter. The Due Process Clause requires recusal in circumstances "in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 877 (2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). "The Due Process Clause demarks only the outer boundaries of judicial disqualifications . . . [and] codes of judicial conduct provide more protection than due process requires[.]" *Caperton* 556 U.S. at 889–90.

In this case, I hold no personal bias or prejudice against any party, and do not otherwise have a relationship or financial interest in this case that would disqualify me, and Medsense does not allege as much. Therefore, the relevant questions are whether my impartiality "might reasonably be questioned" in this case under 28 U.S.C. § 455(a), whether I have "some other interest that could be substantially affected by the outcome of the proceeding" under 28 U.S.C. § 455(b), and whether this is the type of case where the probability of bias is "too high to be constitutionally tolerable," *Caperton*, 556 U.S. at 877. These inquiries are objective and viewed from the perspective of a reasonable person, and are not based on whether I am subjectively biased, which Medsense does not allege. *See Caperton*, 556 U.S. at 881; *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).

Courts that have considered similar factual scenarios have consistently found that recusal was not appropriate in cases involving one part of a university where the judge taught law school classes in a separate part of the university. For example, in *Sessoms v. Trustees of Univ. of Pa.*,

No. CV 16-2954, 2017 WL 2242847 (E.D. Pa. May 23, 2017), the plaintiff sued the Trustees of the University of Pennsylvania under several theories of employment discrimination after she was terminated from the human resources department of the University of Pennsylvania Health Systems.  The plaintiff filed a motion to recuse Judge Gene E.K. Pratter from presiding over the case because she was an adjunct professor at the University of Pennsylvania Law School, which was under the fiduciary umbrella of the defendant.  In a thoughtful opinion, Judge Pratter considered guidance published in the Guide to Judiciary Policy, Compendium of Selected Ethics Advisory Opinions, § 3.4-3(a), which advised that when deciding whether to recuse in a case involving a parent institution, a judge who teaches at a law school should consider "the size and cohesiveness of the university, the degree of independence of the law school, the nature of the case, and related factors."  *Id.* at *2.  In that case, given that the defendant was not the law school, the suit had nothing to do with the law school, the university was made up of several schools and departments and a sprawling health system, and there was no connection between the affairs of the law school and the health system, let alone Judge Pratter's trail advocacy course and the health system, recusal was not warranted.  *Id.*  The Third Circuit affirmed.  *Sessoms v. Trustees of Univ. of Pennsylvania*, 739 F. App'x 84, 90 (3d Cir. 2018).

Other cases have found a similar result.  *See Roe v. St. Louis Univ.*, 746 F.3d 874, 886 (8th Cir. 2014) (affirming denial of recusal motion based on association with St. Louis University and its law school); *Heyman v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 2019 WL 7602239, at *1 (D. Nev. July 11, 2019) (denying recusal motion based on teaching at William S. Boyd School of Law at University of Nevada Las Vegas); *Szeinbach v. Ohio State Univ.*, No. 2:08-CV-822, 2015 WL 12991136, at *3 (S.D. Ohio July 8, 2015) (denying recusal motion based on teaching at the Ohio State University Moritz College of Law);

*Fairley v. Andrews*, 423 F. Supp. 2d 800, 820 (N.D. Ill. 2006) (denying recusal motion based on teaching at Northwestern University School of Law); *Bernofsky v. Administrators of the Tulane Educational Fund*, 2000 WL 703798, at *2 (E.D. La. May 30, 2000) (denying recusal motion based on teaching at Tulane University School of Law); *Swift v. Trustees of Ind. Univ.*, 1989 WL 15919, at *3 (N.D. Ind. Feb. 22, 1989) (denying recusal motion based on teaching at Valparaiso University School of Law).

The reasoning of these cases applies here. Defendants are not the University of Maryland School of Law or the University of Baltimore School of Law, the suit has nothing to do with the law schools, the University System of Maryland has numerous schools and departments, and there is no connection between the affairs of either law school or my teaching and the fiber optic technology licensing at issue here. Therefore this is not the type of case where recusal would be required or appropriate under either 28 U.S.C. § 455 or the Due Process Clause of the U.S. Constitution.

Medsense cites *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988), but that case is distinguishable and does not support recusal here. There plaintiff Health Services Acquisition Corp. brought an action against defendant Liljeberg seeking a declaration of ownership over a hospital corporation. *Id.* at 850. At the time of the suit, Liljeberg was negotiating with Loyola University to purchase a large tract of land to use as a hospital site. *Id.* The success of these negotiations and the benefit to Loyola University depended in large part on Liljeberg prevailing in the lawsuit with Health Services Acquisition Corp. *Id.* The proposed benefits to Loyola University included the proceeds of the real estate sale amounting to several million dollars as well as a substantial increase in the value to the University of the rezoned adjoining property. *Id.* at 853. The progress of the negotiations with Liljeberg was regularly

reported to the Loyola University Board of Trustees.  *Id.*  And one of the members of the Board of Trustees was the district judge presiding over Liljeberg's case with Health Services Acquisition Corp.  *Id.* at 850.  And in fact the judge ruled in favor of Liljeberg after a bench trial. *Id.*  The Supreme Court found this to be "a plain violation of the terms  of" 28 U.S.C. § 455.

Medsense asserts that "[a]rguably, Your Honor's interest in this matter is greater than the district court judge's interest as a university trustee in *Liljeberg*."  ECF No. 17.  This argument, quite frankly, borders on the absurd.  In that case the district judge was presiding over a case that had a direct impact on negotiations worth millions of dollars to Loyola University that he was also being briefed on in his role as a member of the Board of Trustees at Loyola University. Here Medsense points to nothing more than a chain of affiliations between institutions within the University System of Maryland to connect its case to my current position teaching a course on advanced evidence at the University of Maryland School of Law and my past affiliation with both the University of Maryland and University of Baltimore Schools of Law teaching various evidence and procedure courses.  As the Fourth Circuit has stated, "[r]ecusals are not—and cannot—be taken so lightly."  *Belue v. Leventhal*, 640 F.3d 567, 575 (4th Cir. 2011).

Finally, a Judge should not recuse oneself unless it is appropriate to do so to discourage machinations to appear before a particular judge.  *See Belue v. Leventhal*, 640 F.3d at 574 ("[R]ecusal decisions reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.") (internal quotation marks and citations omitted). In this Court, Medsense is party to a related action pending before Magistrate Judge Simms and has filed a motion to consolidate this case with the one before her.  *See* Mtn. to Consolidate

Cases, ECF No. 40, *Medsense, LLC v. University System of Maryland, et al.*, 18-cv-03262-GLS. Medsense filed a request to stay the motion to dismiss briefing in this case while its motion to consolidate is pending before Magistrate Judge Simms. ECF No. 12. After I denied that request and ordered the motion to dismiss briefing to continue, see ECF No. 16, Medsense filed the instant recusal motion. While Magistrate Judge Simms will decide the motion to consolidate pending before her on its own merits, to the extent Medsense's motion for recusal is a backdoor attempt to achieve the same result and avoid motion to dismiss briefing here is imprudent and provides another reason to deny the motion for recusal.

## Conclusion

Medsense filed its motion for recusal based on my affiliations with the University of Maryland School of Law and the University of Baltimore School of Law, which are part of the University System of Maryland. Based on the nature of the case, the affiliation between the various University of Maryland institutions, my activities as an adjunct professor, persuasive decisions from other courts in related cases, and the need to discourage any attempts to manipulate the Court to appear before a particular judge, I find that recusal is not required or appropriate under 28 U.S.C. § 455 or the Due Process Clause of the U.S. Constitution.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 29th day of June 2020, hereby ORDERED that Plaintiff's Motion for Recusal, ECF No. 17, is DENIED. This case shall proceed as scheduled.

_____/S/_____

Paul W. Grimm
United States District Judge
